IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

EVELYN WALKER                                                                          PLAINTIFF

V.                                                          CAUSE NO.: 1:11CV231-SA-DAS

FXI a/k/a FOAMEX INNOVATIONS
OPERATING COMPANY, BOB BRINTON,
In his position as Human Resources Supervisor,
BRANDON JAMISON, in his position as
Supervisor, and JOHN BLACK, in his position
as Expeditor                                                                          DEFENDANTS

MEMORANDUM OPINION

Plaintiff brings this cause of action pursuant to 42 U.S.C. Section 1981 and Mississippi state law for wrongful termination, discrimination based on race, and intentional infliction of emotional distress. Defendants Brandon Jamison and John Black seek to be dismissed as party defendants due to Plaintiff's failure to state a claim against them in their individual capacities [7], and FXI, Inc., seeks dismissal because it is not a proper party [22]. For the foregoing reasons, the individual Defendants' motion [7] is GRANTED IN PART and DENIED IN PART, and FXI, Inc.'s Motion for Summary Judgment [22] is GRANTED.

*Factual and Procedural Background*

Evelyn Walker was employed at Foamex International Inc. ("Foamex") from 1994 until June 8, 2009. During her employment, Brandon Jamison was her supervisor and John Black was the expeditor.

Foamex filed for Chapter 11 bankruptcy on February 18, 2009. As part of that bankruptcy action, Foamex's assets were put up for auction. FXI Holdings, Inc. submitted the highest bid and the bankruptcy court entered an order approving the sale. The sale closed on June 12, 2009.

FXI, Inc. is a wholly-owned subsidiary of FXI Holdings. FXI, Inc., never employed Plaintiff and did not employ anyone at the manufacturing facility in Mississippi until after FXI Holdings purchased Foamex's assets on June 12, 2009. FXI, Inc., contends it is not a proper party to this litigation.

*Legal Standards*

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. Lone Star Fund, 594 F.3d at 387 (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Because in considering the motion to dismiss the Court has reviewed the parties' attached matters outside the pleadings which this Court shall not exclude, the motion shall be considered a motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); Celotex

Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Weaver v. CCA Indus., Inc., 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548. The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548; Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001); Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995).

*Discussion and Analysis*

FXI, Inc.

FXI, Inc., contends it is not the proper party to this action. Plaintiff acknowledges that FXI, Inc., never employed Plaintiff and is not the proper party. However, Plaintiff believes she is entitled to maintain this action against FXI, Inc., in order to discover the proper party to be sued. Plaintiff seems to be asking for further discovery and to amend her claim later to add the proper parties and more specifically set forth facts supporting the allegations and parties subject to suit.

Indeed, FXI Holdings, Inc., the parent company of the Plaintiff, was the purchaser of the Foamex assets. The purchase agreement between those two entities provided that FXI Holdings

3

> shall not assume, and shall be deemed not to have assumed . . . Liabilities of Foamex arising out of, relating to or with respect to (1) the employment or performance of services, or termination of employment or services by [Foamex] of any employee, or independent contractor on or before the close of business on the Closing Date; (2) employment or labor actions accruing either directly or indirectly against [Foamex] that relate to the period on or before the close of business on the Closing Date, irrespective of whether such claims are made prior to or after the Closing . . . .

This exclusion was further referenced and approved by the bankruptcy court, which acknowledged:

> Unless otherwise expressly included in the Permitted Liens or Assumed Liabilities, [FXI Holdings] shall not be responsible for any Liens or Claims, including in respect of the following: (1) any labor or employment agreements; . . . (5) any other employee . . . claims, including, without limitation, claims that might otherwise arise under or pursuant to . . . (c) Title VII of the Civil Rights Act of 1964; . . . (j) state discrimination laws . . . or (l) any other state or federal benefits or claims relating to any employment with [Foamex] . . . .

Plaintiff has failed to counter FXI, Inc.'s contention that it is not the proper party defendant, and has indeed conceded that it is not the proper party defendant. Accordingly, FXI, Inc. is dismissed.

<u>Brandon Jamison and John Black</u>

The Defendants sued individually contend that they cannot be held individually liable under Title VII, the ADEA, Section 1981, or the state wrongful termination laws. Further, Jamison and Black assert that Plaintiff has failed to bring forth a claim for intentional infliction of emotional distress against them. In response, Plaintiff concedes that she needs to amend her complaint to set out more facts to hold Jamison and Black liable for intentional infliction of emotional distress. However, Plaintiff never properly requested an amendment and Defendants contend that amendment will not cure the deficiencies. Plaintiff otherwise failed to respond to Defendants contentions regarding individual liability.

The Court finds that Plaintiff has failed to state a claim against the individually named Defendants under Title VII, the ADEA, or the state wrongful termination laws. See Ackel v. Nat'l Comm'ns, Inc., 339 F.3d 376, 381 n. 1 (5th Cir. 2003) (citing Smith v. Amedisys Inc., 298 F.3d 434, 448-49 (5th Cir. 2002)) ("[i]ndividuals are not liable under Title VII in either their individual or official capacities."); Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996) (finding that the ADEA "provides no basis for individual liability for supervisory employees"); DeCarlo v. Bonus Stores, Inc., 989 So. 2d 351, 358 (Miss. 2008) (finding liability limited to the employer only, and not extended to individual defendants, in wrongful termination and retaliatory discharge cases).

Individual liability under Section 1981, however, is not as established under Fifth Circuit jurisprudence. Indeed, it has yet to be decided whether Section 1981 liability runs to all individual defendants. See Felton v. Polles, 315 F.3d 470 (5th Cir. 2002). The Fifth Circuit has noted that individual liability under Section 1981 attaches to local government officials for decisions affecting municipal employment contracts. Oden v. Oktibbeha County, Miss., 246 F.3d 458, 464 n. 5 (5th Cir. 2001). However, the Court has failed to determine the "outer boundaries of § 1981 liability as it applies to individual non-employer defendants nor to attempt to catalogue every fact situation which might subject an individual to such liability." Foley v. Univ. of Houston Sys., 355 F.3d 333, 338 (5th Cir. 2003) (citations omitted).

Defendants encourage this court to use the "essentially the same" test employed by the Fifth Circuit in the Felton case. There, the Fifth Circuit noted that Section 1981 liability will lie against an individual defendant if that individual is "'essentially the same' as the State for the purposes of the complained-of conduct." Felton, 315 F.3d at 481. However, the Court has been unable to find an instance or case law in which the "essentially the same" test has been applied to

non-State actors. Other Circuits have extended liability to individual defendants,[1] and Plaintiff has failed to respond to Defendants' allegations. Indeed, Plaintiff neither discusses § 1981's applicability in this instance nor whether the individual defendants could be considered "essentially the same" as the employer. It is not the duty of this Court to provide plaintiffs with arguments they neglect to generate. See In re Cao, 619 F.3d 410, 435 (5th Cir. 2010) (noting that the role of the Court is "not to create arguments for adjudication" or "raise [them] like a Phoenix from the ashes[,]" but "rather, [the Court's] role is to adjudicate the arguments with which [it is] presented"); Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."). However, because the law is unclear as to the liability of non-State actor individuals under Section 1981 in the Fifth Circuit, the Court finds it to be more prudent at this stage of the proceedings to deny the individual's motion to dismiss on this ground.

Defendants further contend that Plaintiff's claim of intentional infliction of emotional distress should be dismissed against them. Plaintiff seems to concede that her emotional distress claim does not comply with the mandates of Iqbal and Twombly. Plaintiff instead requests to amend the complaint to set forth additional facts, while Defendants note that amendment cannot cure the deficiencies. Indeed, Defendants note that an acknowledgement and request to amend is not enough under Fifth Circuit case law. Local Rule 7(b)(3)C) provides that a "response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." Therefore, the Court will not consider Plaintiff's request to amend the pleadings found in her response. However, even if the Court were to consider it,

---

[1] See Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2nd Cir. 2000); Cardenas v. Massey, 269 F.3d 251, 268-69 (3d Cir. 2001); Al-Khazraji v. St. Francis College, 784 F.2d 505, 518 (3d Cir. 1986); Johnson v. University of Cincinnati, 215 F.3d 561, 571 (6th Cir. 2000); Turner v. Ark. Ins. Dep't, 297 F.3d 751, 754 (8th Cir. 2002); Allen v. Denver Pub. Sch. Bd., 928 F.2d 978, 983 (10th Cir. 1991).

the Plaintiff has failed to make the requisite showing for leave to amend pursuant to Fifth Circuit case law.

Federal Rule of Civil Procedure 8(a) provides that a pleading must contain, *inter alia*, a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). However, Plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

Under Mississippi law, "[t]o establish a claim for intentional infliction of emotional distress, the plaintiff must show that the defendant through 'extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another....'" Waters v. Allegue, 980 So. 2d 314, 318-19 (Miss. Ct. App. 2008) (quoting Peoples Bank & Trust Co. v. Cermack, 658 So. 2d 1352, 1365 (Miss. 1995) (internal quotation omitted)). "To justify a finding of intentional infliction of emotional distress, a plaintiff must prove wanton and willful conduct that evokes outrage or revulsion." Richard v. Supervalu, Inc., 974 So. 2d 944, 951 (Miss. Ct. App. 2008) (citing Speed v. Scott, 787 So. 2d 626, 630 (Miss. 2001)).

7

Here, Plaintiff avers that she has "suffered emotional distress in the form of mental anguish, depression, sleeplessness and headaches as a result of the acts of racial discriminatory treatment." She acknowledges that further development is necessary to properly state a claim. See Response to Motion to Dismiss [16] (Feb. 24, 2012) ("The plaintiff concedes that more relevant and specific averments as it relates to the individual defendants should be set forth in the complaint, as well as the need to set forth the outrageous conduct which forms the basis of the claim of intentional infliction of emotional distress"). However, the Plaintiff never formally moved to amend her complaint and did not include what amendments she would make to the intentional infliction of emotional distress claim if she were allowed to amend.

Because amendment shall be "freely granted" pursuant to Federal Rule of Civil Procedure and no undue prejudice has been shown by Defendants, the Court denies the motion to dismiss the intentional infliction of emotional distress claim without prejudice and allows the Plaintiff fourteen days in which to amend her complaint against the individual defendants. Because this case has been pending since November of 2011, no extensions of time will be allowed to amend the complaint. Therefore, if Plaintiff fails to amend within the fourteen day time period, the intentional infliction of emotional distress claim will be adjudged waived by the Court.

*Conclusion*

FXI, Inc., is hereby dismissed as a party defendant. All allegations against the individually named defendants, Brandon Jamison and John Black, are also dismissed with the exception of Plaintiff's Section 1981 claim against those individuals. Plaintiff is given fourteen (14) days from the date of this order to amend her complaint only as to the intentional infliction of emotional distress claim alleged against Brandon Jamison and John Black. If Plaintiff fails to

amend within the time period provided, the Court will deem that claim waived. Accordingly, Brandon Jamison and John Black's Motion to Dismiss [7] is hereby GRANTED IN PART and DENIED IN PART, and FXI Inc.'s Motion for Summary Judgment [22] is GRANTED.

SO ORDERED, this the 18th day of March, 2013.

                                          **/s/ Sharion Aycock**
                                          **U.S. DISTRICT JUDGE**